## SARAH B. EATON v. CHARLES F. TILLINGHAST, Trustee, & others.

The issue of the marriage, in contemplation of which a marriage settlement is made, are within the consideration of the settlement, and a reconveyance of the settled estate to the settler will not be decreed in derogation of their interests vested under it.

Even the interest of a mere volunteer under such a settlement, as a child by a former marriage, will not be disturbed by the action of a court of equity; the court remaining perfectly neutral as between the settler and those claiming as volunteers under the settlement.

Where a woman, in contemplation of a second marriage, vested her real and certain personal property in a trustee, for her sole and separate use during the marriage, reserving to herself a power of appointment by deed, for reinvestment, and by last will and testament, and after providing, amongst other things, estates out of the same for a child by the former, and the children of the pending marriage in the event she died, living her contemplated husband, provided in the settlement, that in the event she survived such husband, "then, at her death, the said trust estates shall descend to and be conveyed over by the trustee to the heirs at law of (her) the said Sarah B., whoever they may be, and this deed terminate:" *Held*, that the words, "heirs at law," limited her own estate, as an equitable fee, and did not designate the child of the former or the children of the contemplated marriage as purchasers under the settlement; and hence, that upon the death of her husband, she might compel the trustee to reconvey to her the settled property free from the trust.

A court of equity will not, in general, decree in derogation of the interests of infant de-

Eaton *v.* Tillinghast, Trustee, & others.

fendants upon admissions in the answer of their guardian *ad litem* of facts not evidently for their benefit; but, before acting, will ascertain such facts by a master.

Where, upon the death of her husband, a bill was filed by a widow against her trustee, the heirs at law of a deceased trustee, and her infant children, to compel the reconveyance to her, free from trust, of her property settled by her in contemplation of marriage, and the settlement provided estates for her children in the event her husband survived her, but none, as against her, in the event that she survived her husband, the facts, of the execution of the deed of settlement, and of her marriage, were held, as facts for the benefit of the infant children, to be sufficiently proved by the admissions in the answer of their guardian *ad litem;* but the fact of the death of her husband, as a fact not evidently for the benefit of the infants, was referred to a master for proof.

Upon such a bill, amicable in its character and conduct, the complainant adjudged to pay the expense of the reconveyance asked by her, and the costs of suit of the trustee, and of the heirs at law of the deceased trustee; no costs to be taxed either way as between her and her children.

BILL IN EQUITY, by a widow against a trustee under her marriage settlement, the heirs at law of a deceased trustee, and her children, to compel a reconveyance to her, free of trust, of real and personal estate settled by her upon her late marriage.

The suit was an amicable one, was heard upon bill and answer, and submitted to the court without argument. The facts and terms of the settlement are so fully stated in the opinion of the court, that a repetition of them here is unnecessary.

AMES, C. J. This bill is brought by a widow lady against the heirs at law of a deceased trustee and the present trustee by appointment under her marriage settlement, and against the infant children of the marriage therein contemplated, and an adult son of a former marriage, asking that the trustee may be discharged from the further execution of the trusts of the settlement, and may be decreed to convey and surrender the trust estates to her, the original settlor. Answers have been filed by the trustee, and by the adult child, both for himself and as guardian *ad litem* duly appointed for his infant brothers and sister, admitting the facts stated in the bill, and the case has been submitted to us without argument, upon the bill and answer.

The case thus presented to us is, that in October, 1837, the plaintiff, then Sarah B. Ruggles, a widow, being unmarried and possessed of a considerable real and personal estate, and

contemplating marriage with Levi C. Eaton, Esquire, entered into with him, and with a trustee, of whom the defendant is the duly appointed successor, and executed, an antenuptial agreement and settlement, a copy of which is annexed to and made part of the bill. By this settlement, she, in substance, vested her lands and bank and other stocks in her trustee in fee, to receive the rents and profits of her real, and the income and dividends of her personal estate, except so much of the real estate as she might choose to occupy and improve for herself and family, and ordered him, after paying out of the same, taxes and expenses, from time to time, and as often as once a year, to pay over the residue of said profits and dividends to her, during the term of her natural life, upon her sole receipt, and to her sole and separate use, free from the control of her husband; she reserving to herself the power to direct her trustee in writing, to sell and dispose of the whole or any part of the trust property, in such manner and at such prices as her trustee might judge proper for the purpose of reinvestment by him to the uses of the trust, and also reserving to herself the power of disposing of the same, notwithstanding her marriage, by last will and testament, as if a *feme sole*. The settlement then provides for the contingency of her death, leaving a child or children or descendants by her contemplated marriage, living her husband, and for the contingency of her death, living her husband, leaving no such child, children, or descendants; directing, in the first case, that three quarters of the rents, &c. should be paid over by the trustee to the child or children of the marriage, and a son by a former marriage or their representatives in equal shares, and the other quarter of the rents, profits, &c. to her husband during life, as long as he should remain unmarried; and in the second case, providing, that one half of the rents, &c. should be paid over to her son by a former marriage, or in case of his death to her heirs at law, and the other half to her husband, during life, and whilst he should remain unmarried; the trust estates, upon the death or marriage of her husband, whichever should first happen, to descend to and be conveyed over by the trustee to all her children equally and their representatives, in the first case, and in default of issue living, to her heirs at law; and in the

second case, to descend to and be conveyed over to her heirs at law.

Then follows the provision for the contingency which has, as the bill states, and the answers admit, actually happened; and as the case turns upon the effect to be given to this provision, we will recite it *in totidem verbis.* It is as follows : " And in case the said Sarah B. Ruggles should outlive the said Levi C. Eaton, then, at her death, the said trust estates *shall descend to* and be conveyed over by the trustee to the heirs at law of the said Sarah B. whoever they may be, and this deed terminate. Provided, however, generally, that in case at any time it should be proper for the trustee in conformity with any of the provisions aforesaid, to convey over the aforesaid estates. to the child or children of the said Sarah B., and such child or children, or any of them, should be under the age of twenty-one years, then, in such case, it shall be the duty of the said trustee, notwithstanding any thing hereinbefore contained, to continue this trust, and not convey over said estates, or any part thereof, to said children, until they shall have all arrived to the age of twenty-one years, but in the mean time to pay them, or their representatives, if any of them be dead, the rents, income, and profits of the same, as herein provided."

The bill then goes on to state the intermarriage of the plaintiff with Levi C. Eaton on the 12th day of October, 1837, and his death, on the 25th day of August, 1852, leaving two sons and one daughter by the marriage, who are made defendants to the bill, and who, together with George B. Ruggles, the son of a former marriage of the plaintiff, are stated by the bill to be her sole heirs at law presumptive.

As the issue of the marriage contemplated by the settlement are within its consideration, it is clear, that if they have any interest under it in the trust property, we cannot decree this reconveyance; nor could we, were any interest in the settled property vested by the settlement in the son by a former marriage, though he were deemed a mere volunteer. As was said by Sir William Grant, in *Smith* v. *Garland,* 2 Merivale, 125: " But the party who made the (voluntary) settlement has no right to disturb it. As against himself it is valid and binding.

A court of equity remains neutral with respect to it. It will not impede the sale by which he seeks to get rid of it, as was decided by the lord chancellor in the case of *Pulvertoft* v. *Pulvertoft,* 18 Ves. 84; but neither will it assist him. It will not interfere in any manner respecting it." And see *Villiers* v. *Beaumont,* 1 Vern. 100; *Boughton* v. *Boughton,* 1 Atk. 623; *Ellison* v. *Ellison,* 6 Ves. 656, per Ld. Eldon; *Hildreth* v. *Eliot et al.* 8 Pick. 293.

Have then the children by the marriage contemplated by this settlement, or the son of the former marriage, any interest in the settled property by virtue of the settlement? We are all of opinion that they have not; their interest arising, by the terms of the deed, only upon the contingency of their mother's death, living her husband. In the contingency which, by the statement of the bill, has actually occurred; that is, the plaintiff and settlor outliving her husband, the provision of the deed is, that "the trust estates shall *descend to* and be conveyed over by the trustee to the heirs at law of the said Sarah B., whoever they may be." The words "heirs at law," are here clearly used as words of limitation, to designate a class of persons to take in succession, upon whom, by the terms of the deed, the equitable estate is *to descend* from the settlor, and to whom, as entitled by such descent, the trustee is to convey over the legal estate, and thus terminate the trust. This is made still more clear by the words, "*whoever they may be,*" immediately following, and, as it seems to us, explaining the meaning of the words "heirs at law." These words show, that the settlor did not intend to confine the remainder in fee to any particular persons living or to come into life, but to comprehend the whole class of her heirs, as entitled to her estates upon her death to the same extent, and with the same descendible qualities, as she possessed them; the very test of words of limitation, agreed upon in the famous discussion which grew up in Westminster Hall out of the case of *Perrin* v. *Blake,* Hargrave's Law Tracts, 489–493, in the notes; 2 Kent's Com. 214–233, incl. & cases, 4th ed. This, then, is a case, in which the settlement limits or reserves to the plaintiff an equitable life estate out of her own property, and in the contingency that has occurred, also limits an equitable estate

Eaton v. Tillinghast, Trustee, & others.

in fee to her heirs at law, by way of remainder. It falls within the well-settled rule in *Shelley's case*, so fully and accurately stated by Mr. Preston in his work on Estates, vol. 1, 263–419, as slightly abridged by Chancellor Kent in his Commentaries, vol. 2, 215, 4th ed: " When a person takes an estate of freehold, legally or equitably, under a deed, will, or other writing, and in the same instrument there is a limitation by way of remainder, either with or without the interposition of another estate, of the same legal or equitable quality, to his heirs, or heirs of his body, as a class of persons to take in succession, from generation to generation, the limitation to the heirs entitles the ancestor to the whole estate."

We the more readily apply this rule in favor of the plaintiff, because, as it seems to us, it best works out the intention of all parties to the settlement along with complete justice to her. This settlement was made by her, of her own property, to guard against the hazards and contingencies of a contemplated marriage ; and these having passed away with the life of her husband, it is fit, and may be reasonably presumed to have been, in that event, the intention of the parties, that she should have the right to be reinvested with the full possession and control of her estate again, to provide out of it for the present and future objects of her bounty in such way as she may deem best, without the fetter and embarrassments of a trust. The closing general proviso, that in the event that it should become the duty of the trustee under the deed to convey the estates to the child or children of the settlor, he should not make the conveyance until all should have arrived to the age of twenty-one years does not, in our view, militate with this intent. It may either be deemed to be satisfied by its applicability to the state of things that would have occurred had the husband of the plaintiff outlived her ; or, if it be construed to apply to the state of things which actually exists, may be regarded as a cautionary measure for the care of the interests of her children, by keeping up the trust until all of them were of age, provided she did not choose to take her property into her own possession in order to provide for them in another way herself. It no more conflicts with the idea of a right on her part, in the event which has

24 *

occurred, to terminate the trust during her life, than with her right to terminate it before all her children should have arrived to the age of twenty-one years, by an appointment by will, the power to do which is expressly reserved to her by the deed of settlement itself. Thus applied, it only adds more complete proof of the present existence of the trust, not only over the estate reserved to the plaintiff, but over that limited to her heirs at law, and thus proves that as both are of the same kind or quality,—that is, both are equitable estates, the rule in *Shelley's case* is applicable to them. Fearne Conting. Rem. 28, n. *l*, 52, and cases cited.

It is true that courts of equity do not apply the rule in question to marriage articles wholly executory in their character, and providing merely for a settlement afterwards to be made in conformity to them, unless indeed the application of the rule will better carry out, as we deem that it will in this case, the intention of the parties to the settlement; and will even reform the settlement against the rule, to make it conform to the articles, if it be required better to effect the purpose of the latter. Fearne on Conting. Rem. 92–113, and cases cited. But it is to be remarked that this is a case not of marriage articles, nor of a settlement made under articles executed to guide the settlement, but of a settlement without articles, in which case equity, in pursuance of its well-known maxim, follows the law. Fearne on Conting. Rem. 114, n. *x.*; *Doran* v. *Ross*, 1 Ves. Jr. 57.

Finally, if it should be said that the trust in favor of the plaintiff is an executed trust, and that in favor of her heirs at law it is an executory one, so that the two are not necessarily to be united for the purpose of enlarging the estate of the plaintiff; our reply is, that this will not prevent the application of the rule, when required, as in the present case, to carry out the intent of the parties to the instrument. Fearne on Conting. Rem. 113, 114, 137 and onwards, and cases cited; 2 Kent's Com. 219, 220; *Papillon* v. *Voice*, 2 P. Wms. 471; *Earl of Stamford* v. *Hobart*, 1 Bro. Parl. Cas. 288. In the case before us, it will be remarked, that by the express words of the settlement the trust estates are " *to descend* " to the heirs at law of the plaintiff upon her death; so that terms cannot be conceived more apt to vest in them

an equitable estate in fee, to accrue upon the death of their ancestor, and therefore to anticipate the conveyance, as distinguished from a mere right to a conveyance, of the legal estate, to be executed by the trustee. ·It is true, that by the words of the clause in question, this declaration that the trust estates are to descend to the heirs at law, is immediately followed by the direction that they are to be conveyed by the trustee to the heirs at law, in order to terminate the trust; unless indeed the heirs at law should be children of the settlor under twenty-one, in which case, as we have seen, it may be said, that the trust was to continue until all had arrived to the age of twenty-one years. We apprehend that under such words as these, the heirs at law would take a strict equitable estate in fee, and that the direction to convey is a mere direction to convey to them the legal estate, adding nothing to and altering nothing from, what would have been the state of things and the duty of the trustee, upon the termination of the trust, had these words been wholly omitted. Indeed, except so far as these last words signify, that unless there be children under twenty-one, the trust is to terminate upon the death of the settlor, they have no legal significance whatsoever.

Our conclusion is, upon the facts stated in the bill and admitted by the answers, that the plaintiff is entitled to an equitable estate in fee-simple in the trust property, free from all charge and incumbrance in favor of or interest in any of her children or any other person whatsoever, derived under the marriage settlement in question ; and that thus having the sole beneficial interest in this property,·it is the duty of the trustee, and of the heirs at law of the deceased trustee, to execute proper conveyances of the legal estate, and surrender the possession of the trust property· to her, according to her request. *Boteler* v. *Allington*, 1 Bro. Ch. Cas. 73; *Jones* v. *Lewis*, 1 Cox, 199; *Willis* v. *Hiscox*, 4 M. & C. 18 Eng. Cond. Ch. R. 197; *Lyse* v. *Kingdom*, 1 Colly. 28 ibid. 184; *Penfold* v. *Bouch*, 4 Hare ; 30 Eng. Cond. Ch. R. 271.

As this is an amicable suit, and no demand seems ever to have been made upon the heirs at law of the deceased trustee, for a reconveyance of the legal estate, before they were made

parties to this bill, and as the trustee appointed by this court never obtained a conveyance of the legal estate, and therefore could not make one to the plaintiff, and indeed, as the right to a reconveyance was doubtful enough to justify all in requiring an application to the court before the heirs resigned the title to the plaintiff, or the present trustee surrendered an office imposed upon him by the decree of this court, the plaintiff must pay all the expenses of the reconveyance and the costs of suit of the present trustee and of the heirs at law of the deceased trustee, to be taxed by the clerk. As to the other defendants, children of the plaintiff, no costs will be taxed either way. Hill on Trustees, 278, 279, 551, ch. 4, § 4, of costs, *passim*.

Had the defendants been all adults, there would have been no difficulty in proceeding at once to a final decree; but where, as in this case, the rights of infant defendants are involved, the court cannot, in general, act upon admissions made in an answer filed by their guardian *ad litem*, but requires some other proof of facts, not evidently for their benefit, before it will affect their interests by a decree based upon such facts. Upon looking into this bill, we find that the only facts set up and admitted are, the execution of the marriage settlement by the complainant of her own property,—under which alone, so far as the bill shows, her minor children could have any interest in the settled property,—the marriage of the complainant, and the death of *her* husband and *their* father.

As the decree of the court, under the bill, can affect only the interest of the minors derived under the marriage settlement in question, and a copy of the settlement is annexed to and made part of the bill, it appears to us, by the record, that the settlement, as well as the fact of the marriage, are set up for the benefit of the infants as well as of the plaintiff; and no necessity exists, therefore, for establishing either of those facts by any other proof, than that afforded by the statements of the bill, admitted by the guardian in his answer. 1 Daniel's Ch. Pl. & Pract. 218, 219.

The other fact, however, stated and admitted, to wit, the death of the husband of the complainant and father of the infants, stands in a very different relation to the case set forth in

the.bill.   It is a fact upon the basis of which alone the plaintiff has, under the marriage settlement made by her, any pretence of right to the reconveyance which she claims.   However notorious this fact may be, and however well known to the members of the court as individuals, it is not a fact of which the court can take judicial notice.   Before the decree directing a reconveyance, in conformity with the views which we have expressed, can be entered up, the case must take the ordinary course of a bill involving the interests of infant defendants, and be referred to one of the masters of the court, with instructions to take proof with regard to the fact in question, and to report the same forthwith, together with what he shall ascertain thereby. If, upon the coming in of the master's report, it appears by the same, that the husband of the complainant, mentioned in her bill, be dead, a decree may be entered up confirming the report, and directing the reconveyance which she asks.