"Seventh. I give and devise the rest and residue of all my estate real and personal and mixed in possession remainder and reversion to my respected kinsman Moses Brown Ives to him his heirs and assigns forever in trust nevertheless for the sole separate and exclusive use and benefit of my niece Eliza B. Rogers her heirs and assigns forever with power to the said Moses Brown Ives trustee as aforesaid to sell and convey such part or parts of said estates as he may deem expedient and to invest the proceeds in some other property at his discretion subject to the trusts herein declared with further power to the said trustee to pay over to my said niece Eliza B. Rogers such of the proceeds of any property sold as aforesaid as he may think the circumstances of her situation may require."
CODICIL.
This recites the above seventh clause, word for word, together with the provision making certain annuities since terminated a charge on the estate, and continues: —
"Now I do by this codicil order and direct that the said Moses B. Ives his heirs and assigns shall collect and receive the rents income profits and dividends of all the property in the said seventh clause in my said will devised and pay over the same to the said Eliza B. Rogers wife of Joseph Rogers taking her separate receipt therefor for her sole and separate use and benefit independently and exclusively of the said Joseph Rogers her husband and without being in any wise subject to his debts control *Page 557 
interference or engagements. And upon further trust that if the said Eliza B. Rogers shall depart this life in the lifetime of the said Joseph Rogers her husband then and in such case the said Moses B. Ives his heirs or assigns do and shall from and after the decease of the said Eliza B. Rogers stand and be possessed of and interested in the said estates upon and for such trusts interests and purposes as the said Eliza B. Rogers notwithstanding her coverture shall by her last will and testament in writing or any codicil or codicils thereto or any writing or writings in the nature of or purporting to be a will or codicil direct or appoint and in default of such direction or appointment in trust for the heirs or assigns of the said Eliza B. Rogers forever."
We do not perceive that any person is interested in the trust property except the cestui que trust and the trustee. The cestui que trust, who was a feme covert when the trust was created, is now sui juris. The trustee does not object to convey, if he can do so in the proper execution of his trust. We see no reason, under these circumstances, why the cestui quetrust, who has the entire equitable, should not also have the legal estate. In accordance with the cases which have been cited by the plaintiff's counsel, and also with the decision of this court in Eaton v. Tillinghast, Trustee others,4 R.I. 276, we will decree a conveyance of the trust property as prayed for in the bill.
Decree accordingly.